1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10   DAVID PRINGLE,                              Civil No.    07-cv-1960-LAB (POR)

11                              Plaintiff,       **ORDER:**

12                                               **(1) GRANTING PETITIONER'S**
                  v.                             **    REQUEST FOR APPOINTMENT OF**
13                                               **    COUNSEL [Doc. No. 26], and**

14   D.L. RUNNELS, et al.,                       **(2) DENYING WITHOUT PREJUDICE**
                                                 **    PETITIONER'S REQUESTS FOR**
15                              Respondents.     **    AN EVIDENTIARY HEARING**
                                                 **    [Doc.  Nos. 10, 28.]**
16

17          Petitioner, a state prisoner proceeding *pro se*, is pursuing a petition for a writ of habeas

18   corpus brought pursuant to 28 U.S.C. § 2254.  On June 9, 2008, Respondents filed a motion to

19   dismiss the petition.  In response to the motion to dismiss, Petitioner requested appointment of

20   counsel to represent him in this matter. [Doc. No. 26.]  Petitioner further submitted two requests for

21   an evidentiary hearing. [Doc. Nos. 10, 28.]

22          The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by

23   state prisoners.  McCleskey v. Zant, 499 U.S. 467, 495 (1991);  Chaney v. Lewis, 801 F.2d 1191,

24   1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However,

25   financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain repre-

26   sentation whenever the court "determines that the interests of justice so require."  18 U.S.C.A.

27   § 3006A(a)(2)(B) (West 2000); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990);

28   Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

                                              - 1 -                                    07cv1960

1    The interests of justice require appointment of counsel when the court conducts an

2 evidentiary hearing on the petition.  Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728;

3 Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254.  The

4 appointment of counsel is discretionary when no evidentiary hearing is necessary.  Terrovona, 912

5 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

6    In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to

7 appointed counsel unless the circumstances of a particular case indicate that appointed counsel is

8 necessary to prevent due process violations."  Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-

9 29.  A due process violation may occur in the absence of counsel if the issues involved are too

10 complex for the petitioner.  In addition, the appointment of counsel may be necessary if the

11 petitioner has such limited education that he or she is incapable of presenting his or her claims.

12 Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

13    From the face of the petition, filed *pro se*, as well as the requests since filed by Petitioner, it

14 appears that Petitioner does not have a good grasp of the legal issues in this case.  Petitioner claims

15 actual innocence and alleges that DNA evidence exists which may exonerate him and which has

16 already led to the reversal of his co-defendant's conviction.  (Doc. 9 at 15, 20; Doc. 20 at 1.)

17 Respondent's motion to dismiss contends the Petition should be dismissed for failure to satisfy the

18 one-year limitation period provided in 28 U.S.C. § 2244(d).  (Doc. 19 at 9-13.)   While the Petition

19 acknowledges the one-year statute of limitation on petitions for federal habeas relief, Petitioner's

20 motion for appointment of counsel shows that Petitioner has misconstrued Respondent's argument

21 regarding the statute of limitations as a failure to exhaust state court remedies.  (Doc. 19 at 26.)  The

22 Court therefore finds that the interests of justice require the appointment of counsel to properly brief

23 an opposition to Respondents' motion on Petitioner's behalf.

24    Further, Petitioner has requested that the Court conduct an evidentiary hearing in order to

25 develop facts in support of his claims.  The Court will consider the factual basis of Petitioner's

26 claims, and the development of these facts in the state court, only if Petitioner's claims survive

27 Respondents' motion to dismiss.  In so far as Petitioner seeks an evidentiary hearing to show that he

28 has been diligent in pursuing his claims (Doc. 28 at 2), Petitioner's request is denied because the

1  Petition itself does not allege any facts to support a claim that he has previously pursued the claims

2  that he now brings.

3       Petitioner's request for appointment of counsel is hereby **GRANTED**.  **The Federal**

4  **Defenders of San Diego, Inc. are hereby appointed to represent Petitioner**.  An opposition to

5  Respondent's motion to dismiss shall be filed on or before **August 18, 2008**.  Respondent shall file a

6  reply to the opposition on or before **August 29, 2008**.  The Reply shall address the impact, if any,

7  that the California Supreme Court decision received by Petitioner in case number S154933 has on

8  the applicable statute of limitations.

9       In addition, because an evidentiary hearing is neither required nor necessary at this time and

10 Petitioner's requests are hereby **DENIED WITHOUT PREJUDICE**.

11     **IT IS SO ORDERED.**

12

13 DATED:  July 21, 2008

14

15                              LOUISA S PORTER
                                United States Magistrate Judge
16

17 cc:     The Honorable Larry Alan Burns

18         Steven F. Hubachek, Federal Defenders of San Diego, 225 Broadway, San Diego, CA 92101

19

20

21

22

23

24

25

26

27

28